# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI.
FILED

2025 OCT 27 P 3: 14

CLERK OF COURT

Priest Delon Butler,

       Plaintiff, Pro se,

   v.

City of Milwaukee,
Milwaukee County,
Milwaukee Fire and Police Commission,
Maritza Ugarte, Fire and Police Investigator,
Katie B. Kegel, County Circuit Court Judge,
Barry Phillips, Judicial Court Commissioner,
Jennifer Tate, Assistant District Attorney,
Grace M. Gall, Assistant District Attorney, et al,

       Defendant(s).

Case Number:

**25-C 1653**

---

[PARTIES]

1. Plaintiff, Priest Delon Butler, is a citizen of Wisconsin and resides at 9001 N. 75th Street, Apt. 618, Milwaukee, Wisconsin 53223.

[In The Legal Matter of State of WI v. Priest Delon Butler. Case# 2023CF000997]

1. Defendant Milwaukee Fire and Police Commission, is a citizen of Wisconsin, headquartered at 200 E. Wells Street, Room 706A, Milwaukee, WI 53202.

2. Defendant Maritza Ugarte, Milwaukee Fire & Police Commission Investigator, is a citizen of Wisconsin, headquartered at City Hall, 200 E. Wells Street, Room 706A, Milwaukee, Wisconsin 53202.

3. Defendant Katie B. Kegel, County Circuit Court Judge is a citizen of Wisconsin headquartered at Safety Building, 821 W. State Street, Room113, Branch 03, Milwaukee, Wisconsin 53233.

(Additional Defendants Have Been Listed and Attached Separately.)

Case 2:25-cv-01653-SCD     Filed 10/27/25     Page 1 of 23     Document 1

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

[PARTIES] continued

4. Defendant Barry Philips, Court Commissioner, is a citizen of Wisconsin, headquartered at Milwaukee County Circuit Court, 901 N. 9th Street, Room 146A, Milwaukee, Wisconsin 53233.

5. Defendant Jennifer Tate, Assistant District Attorney, is a citizen of Wisconsin, headquartered at Safety Building, 821 W. State Street, Room 405, Milwaukee, Wisconsin 53233.

6. Defendant Grace M. Gall, Assistant District Attorney, is a citizen of Wisconsin, headquartered at Safety Building, 821 W. State Street, Room 405, Milwaukee, Wisconsin 53233.

7. Defendant Theodore O'Reilly, Public Defender, is a citizen of Wisconsin, headquartered at Wisconsin State Public Defender-Milwaukee Trial Office, 819 N. 6th Street, Milwaukee, Wisconsin 53203.

8. Defendant John C. Glover, Attorney, is a citizen of Wisconsin, headquartered at Wisconsin State Public Defender-Milwaukee, Trial Office, 819 N. 6th Street, Milwaukee, WI 53203 and P.O. Box 511004, Milwaukee, WI 53203-0171.

9. Defendant Omarlo Phillips, Detective, is a citizen of Wisconsin, headquartered at Criminal Investigation Bureau, 749 W. State Street, Milwaukee, WI 53233.

10. Defendant Philip Gagnon, Forensic Investigator, is a citizen of Wisconsin, headquartered at Forensics Division, 951 N. James Lovell Street, Milwaukee, Wisconsin 53233.

11. Defendant Zachary Johnson, Detective, is a citizen of Wisconsin, headquartered at Criminal Investigation Bureau, 749 W. State Street, Milwaukee, WI 53233.

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

[PARTIES] continued

12. Defendant O'Neal Stamps, III, former Police Officer, now Detective, is a citizen of Wisconsin formerly headquartered at District Four, 6929 W. Silver Spring Dr., Milwaukee, Wisconsin 53218, currently headquartered at Criminal Investigation Bureau, 749 W. State Street, Milwaukee, Wisconsin 53233.

13. Defendant Anthony Milone, former Police Officer, now Sergeant is a citizen of Wisconsin, headquartered at Criminal Investigation Bureau, 749 W. State Street, Milwaukee, Wisconsin 53233.

## B.   STATEMENT OF CLAIM

This here federally filed civil action has been presented before the United States District Court for the Eastern District of Wisconsin, filed for a violation of federal law(s) under *Title 42 U.S.C. §1983* and the *United States Constitution*. [See Table of Authorities: Pages 5 and 6]

I, Mr. Priest Delon Butler, Plaintiff, am suing the various list of Defendants for infringing upon my federally protected civil rights under the *Fifth, Sixth and Fourteenth Amendments of the United States Constitution*. I am also suing the various list of Actors/Defendants for engaging in acts of misconduct while in their official capacities as; Police Officers, State Prosecutors, Public Defenders, Judicial Court Commissioner, Circuit Court Judge, and Governing Agencies, set in place to investigate complaints of misconduct, in regard to my civil rights being violated, while under color of law, that had the potential to cause undue bias and also caused undo bias against me as the Defendant in the legal matter of State of Wisconsin v. Priest Delon Butler, Case Number 2023CF000997. [See Table of Authorities: Page 5][See Definitions: Page 30]

[I, Mr. Priest Delon Butler, Pro se Plaintiff in this civil action, am NOT alleging any forms of discrimination, as stated in Title 18 U.S.C. §242. I, the Plaintiff, am a citizen of the United States of America whose civil rights were violated which are protected under the United States Constitution, universally afforded to all American citizens and the right to file a claim under Title 42 U.S.C. §1983.]

[October 8, 2025]

Defendant, Attorney John C. Glover, acted in retaliation after I filed a motion for new counsel, on October 6, 2025, to have Mr. Glover removed as my attorney. Glover called my competency into question before Judge Katie B. Kegel who granted Glover's request for a competency test scheduled, October 22, 2025 and hearing scheduled, November 03, 2025, due to filing my motion pro se. Mr. Glover was assigned to my case on May 02, 2025 and filed three motions on September 15, 2025, unbeknownst to me. On September 16, 2025, Mr. Glover retracted the motions upon being questioned by Judge Kegel if he was certain he wanted the motions retracted. I did not speak nor questioned Mr. Glover about the motions filed unawares.

page 15

B.  <u>STATEMENT OF CLAIM</u>  (continued)

September 29, 2025, I visited the Clerk of Circuit Court, Criminal Division and purchased copies of the three motions. Upon reading two out of the three motions, I made the decision to have Mr. Glover removed as my attorney.

From May 02, 2025 to September 15, 2025, Mr. Glover waited more than four and a half months to request information, evidence and police body cam footage from the State. One of Mr. Glover's motions revealed information that Expert Witness Bob Willis was unavailable the week of my trial to testify on my behalf.

[ARGUMENT] Until October 8, 2025, no issue of competency was ever raised. With malice, Mr. Glover purposely called my competency into question, in retaliation, for filing a motion to have Mr. Glover removed due to purposely failing to communicate with me, as the client and Defendant, and engaging in willful incompetency due to ineffectively beginning preparation of my case for trial with under a month to go before the October 13, 2025 scheduled trial.

Mr. Glover's unwarranted, egregious, conspiring claim of incompetence has the potential to violate my *Sixth Amendment* right to a fair, impartial jury if the competency results are unfavorable and presented during the hearing.

Mr. Glover's action also violated my protected *Sixth Amendment right* to effective assistance of counsel and the right to self-representation. Mr. Glover's sudden claim of incompetence is being used to circumvent my right as his client to challenge counsel and force himself onto my case and to continue on as my attorney, despite his intentional ineffective assistance which also constituted a violation of my civil right to due process, under the *Fourteenth Amendment* by creating a temporary stalemate and the possibility of never having a trial. [See Table of Authorities: Page 5 and Digital Evidence Folder, Evidence v. Glover.]

Mr. Glover's intentional lack of competence and communication are also in violation of *Wisconsin Supreme Court Rules 20:1.1-Competence, 20:1.4- Communication and American Bar Association's Defense Function; Standard 4- 5.1-Advising the Client*. [See Table of Authorities: Pages 9-11]

B.    <u>STATEMENT OF CLAIM</u>  (continued)

Mr. Glover is also in violation of _American Bar Association's Rule 3.3-Candor Toward the Tribunal_ to the which Mr. Glover intentionally made a false statement to Judge Katie Kegel that I became increasingly irate during a phone conversation, on May 10, 2025, that caused undue bias from Judge Kegel who then granted Mr. Glover's request for a competency hearing.
[See Table of Authorities: Page 11]

In the meanwhile, from May 02, 2025 to September 15, 2025, Mr. Glover purposely sat on my case, wasting time, constantly using scare tactics, in failed attempts, to make me fear going to trial and enter a plea deal with the State.

Mr. Glover made discouraging statements such as: (1) "The jury is not going to buy that.", (2) "Your Statement of Events convicts you.", (3) "But you ran.", (4) "You can't just go around shooting people, Mr. Butler.", (5) "Shut up." (twice), and constantly asking, (6) "Are you still wanting to go to trial?"

I vigorously defended myself during each of Mr. Glover's attempted scare tactics. In Mr. Glover's actions, Mr. Glover repeatedly violated _American Bar Association Defense Function: Standard 4-5.1(e)(f)-Advising the Client_, to make me fearful of a trial and make a rushed decision to enter a plea deal, despite my repeated statements to Mr. Glover, my strong belief in my innocence and the right to protect myself against a very inebriated Marcus Antonio Green, Jr.
[See Table of Authorities: Page 10]

[January 30, 2025]

Defendant, Theodore O'Reilly, public defender, willfully removed himself, as my state appointed public defender, prior to the hearing of a motion, Mr. O'Reilly filed on October 11, 2024, tilted, "Motion to Dismiss for Failure to Preserve Surveillance Video."

I and Mr. O'Reilly had a brief discussion, prior to entering Judge Kegel's courtroom, when I regretfully stated to Mr. O'Reilly, if the judge decides to rule against the motion, I may seek other counsel, despite informing Mr. O'Reilly I wanted the motion to be heard first, prior to making my statement of possibly

page 17

## B.    STATEMENT OF CLAIM  (continued)

seeking other counsel. Mr. O'Reilly then quickly stormed through the courtroom doors and entered the courtroom chamber and immediately began to state his reasons for removal, to Judge Kegel. I was called to take a seat next to Mr. O'Reilly and was afforded an opportunity to speak about the situation.

Upon finishing speaking, Mr. O'Reilly said, with agitation, "Your honor, maybe it would be best if Mr. Butler represented himself.", to which I quickly intervened stating to Judge Kegel, emphatically, that I did not seek nor want to represent myself and made it very clear I wanted legal counsel by a licensed attorney.

Despite Mr. O'Reilly's personal request for removal, I asked Judge Kegel if she could hear the motion anyhow. Kegel responded saying, "Mr. Butler, if you plan on seeking other counsel, hearing the motion wouldn't make sense." Kegel then vacated the filed motion. It pains me to have to include attorney Theodore O'Reilly in this lawsuit, due in part to Mr. O'Reilly being an effective attorney, despite there being significant missteps along the way that I willfully forgave.

Examples:

1) May 23, 2023, Mr. O'Reilly was assigned to my case. May 29, 2023, during our first in custody meeting, Mr. O'Reilly suggested that I remain in custody and not post bail to avoid missing any court dates due to being already downtown. (While I was incarcerated between March 07, 2023 through June 12, 2023, I was forced to miss every scheduled court date, as I was never escorted by any officers, as each court date came and went.)

2) I pleaded with Mr. O'Reilly for nearly one and a half years, to bring issuance before the court, from Judge Michelle A. Havas to Judge Katie B. Kegel, regarding five surveillance videos collected and inventoried yet only four videos were turned over by the State which conflicted with filed police reports from varying Milwaukee Police Department officers. Wearied of Mr. O'Reilly stating I "Stick a pin in it", each time I requested any updates on the surveillance videos, I took the required steps to remove O'Reilly, on October 08, 2024. When the

## B.    STATEMENT OF CLAIM  (continued)

motion was finally filed on October 11, 2024, I retained Mr. O'Reilly as my public defender.

3) Again, Mr. O'Reilly stated to Judge Kegel, maybe it would be best if I represented myself, prior to being officially allowed by Judge Kegel to remove himself from my case.

4) Mr. O'Reilly stating to me, after each motion to adjourn, it was the State calling for the motions and finding out on December 04, 2024, it was Mr. O'Reilly. It was an intentional communication of misinformation, to the client, by Mr. O'Reilly, willfully.

5) Mr. O'Reilly failed to inform me I was eligible for a reduction in Justice Point Supervision or eligible to be removed from Justice Point Supervision after one year. I remained on Justice Point Supervision for approximately eighteen months and five days, beginning June 20, 2023 until February 25, 2025. My second Justice Point Manager, Riley Mending, informed me of my eligibility and stated she was shocked Mr. O'Reilly failed to inform me.

6) Mr. O'Reilly purposely rewriting my Defendant's Statement of Events, making it appear extremely unintelligent, with it's large lack of missing details, compared to my typed fully detailed statement and insisting his typed rewritten statement would be used at trial, despite my strong objection.

[ARGUMENT] Attorney Theodore O'Reilly storming into Judge Kegel's courtroom and removing himself from my case was completely irrational and extremely unprofessional and based purely on emotion. Mr. O'Reilly quickly retaliated at the mere thought of possibly being replaced. In the process, Mr. O'Reilly violated my *Sixth Amendment right to effective counsel protected by the United States Constitution* by willfully and spitefully removing himself.
[See Table of Authorities: Page 5]

Mr. O'Reilly attempting to use his influence toward Judge Kegel, stating, maybe it would be best if I represented myself was an attempt to circumvent my civil right, under the *Sixth Amendment of the U.S. Constitution*, to effective competent counsel, intending to sway Judge Kegel to force me to represent myself despite my having never officially waived my right to counsel before the

B.     <u>STATEMENT OF CLAIM</u>  (continued)

myself despite my having never officially waived my right to counsel before the tribunal. [See Table of Authorities: Page 5]

 <u>Defendant, Judge Katie B. Kegel's</u> refusal to hear the motion to dismiss based on the account Mr. O'Reilly gave as the reasons for his willful removal was in violation of my <u>*Fourteenth Amendment right to due process under the United States and Wisconsin Constitutions*</u>. [See Table of Authorities: Pages 5 and 9]

 As O'Reilly's client, requesting the issue with the collected, yet missing, surveillance video(s) be brought before the tribunal was, truthfully, never at all unreasonable due to exculpatory evidence intentionally being withheld which will prove I had a right to defend myself against multiple aggravated attacks by an inebriated individual which will greatly support my innocence.

 Judge Kegel should have rightly allowed for the motions to be argued before the court and made a decision on the motion due in large part to having the authority to dismiss a case at any time no matter whether the defendant is represented by counsel or not and then could have allowed the removal of Mr. O'Reilly and appointment of new counsel had Judge Kegel rejected the motion. Judge Kegel's actions showed strong bias toward me, as the Defendant, due to a certain forethought of the possibility of me removing O'Reilly if the decision on the motion was unfavorable.

 Mr. O'Reilly unwisely advising me to remain behind bars and to not post bail and failing to inform me of my Justice Point Supervision reduction and or removal eligibility was, for a certainty, in violation of <u>*American Bar Association Defense Function: Standard 4-5.1(a)*</u>. [See Table of Authorities: Page 9]

 Mr. O'Reilly's advice and lack of information thereof, lacked professional judgment, as I refuse to believe any other attorney has ever suggested to their client to remain incarcerated, despite the client having the financial ability to pay the bail amount. Mr. O'Reilly's advice and lack of information thereof was certainly not effective counsel or assistance as stated in the <u>*Sixth Amendment to the United States Constitution*</u>. [See Table of Authorities: Page 5]

page 20

B.    <u>STATEMENT OF CLAIM</u>  (continued)

Mr. O'Reilly falsely communicating information and not communicating information to me is a direct violation of *Wisconsin Supreme Court Rule 20:1.4-Communication*. [See Table of Authorities: Page 9]

[<u>September 16, 2025</u>]

<u>Defendant</u>, <u>Grace M. Gall</u>, Assistant District Attorney, stated before Judge Katie B. Kegel, she offered me plea deals on four occasions which is certainly untrue. Grace Gall stated the offered plea deal was: I plead guilty and serve an added four years of incarceration. Utterly ridiculous. I chose to remain silent during the final pre-trial.

On May 29, 2023 I emphasized, to Attorney O'Reilly, I had no intentions on discussing any plea deals with any State Prosecutors, as I stood firm in my innocence and my right to defend myself when attacked by a very inebriated individual who later became known to be Marcus Antonio Green, Junior.

December 04, 2024, A.D.A. Gall stated to Judge Kegel, during a motion to adjourn, during a priorly scheduled final pre-trial, the alleged victim would be allegedly traveling out of the country and would be returning on December 10, 2024, which was exactly one day after the trial date scheduled for December 09, 2024.

Immediately, Mr. O'Reilly motioned for a dismissal of the charges arguing the alleged victim was notified in an ample amount of time of the trial date. Assistant District Attorney Grace Gall stood before Judge Kegel and claimed the Defense called for more motions to adjourn than the State, as her argument for granting the State a continuance.

Grace Gall also stated she was still in contact with the alleged victim and has made that statement, on a number of occasions, during past scheduled court dates, to which the alleged victim has not made a single court appearance in the nearly three years I have been coming to court since successfully posting bail on June 12, 2023 and released on June 13, 2023.

B.    <u>STATEMENT OF CLAIM</u>  (continued)

[ARGUMENT] A.D.A. Gall engaged in <u>Prosecutorial Misconduct</u> purposely making a false statement, to the tribunal, stating she offered plea deals to me on four occasions, thus violating <u>American Bar Association Rule 3.3-Candor Toward the Tribunal</u>, in an unethical attempt to place me in a negative light and influence bias against me from Judge Kegel and potentially a jury of my peers, at trial, had A.D.A. Gall been allowed to make such a claim, negatively influencing a jury of my peers, impacting bias against me, conspiring to infringe upon my civil right afforded <u>under the Sixth Amendment of the United States Constitution</u>, to be tried before a fair and impartial jury.
[See Table of Authorities: Pages 5 and 11]

If A.D.A. Gall engaged in plea deal talks with Attorney Theodore O'Reilly, then Mr. O'Reilly certainly violated the <u>Wisconsin Supreme Court Rule 20:1.4-Communication and also violated American Bar Association's Defense Function: Standard 4-5.1(c)-Advising the Client</u>, due solely in part to never informing me of the plea deal discussions with no bearing on my decision and refusal to engage in plea deal talks with A.D.A. Gall, it was still Mr. O'Reilly's duty to inform.
[See Table of Authorities: Pages 9 and 10]

Furthermore, A.D.A. Grace Gall claiming to be in constant contact with the alleged victim may also be multiple violations of <u>American Bar Association's Rule 3.3-Candor Toward the Tribunal</u>, due to the alleged victim having not made a single court appearance, possibly and strongly due in part to the alleged victim realizing he was in the wrong, upon sobering, and upon family influence urging Mr. Green to refuse to participate in the State's case against me.
[See Table of Authorities: Page 11]

Finally, from the time A.D.A. Gall made her initial appearance over this legal matter, Grace Gall has continued to violate, <u>Brady v. Maryland (1963) and U.S. v. Bagley (1985)</u> rulings, refusing to turn over, to the Defense, all collected exculpatory surveillance video evidence collected from the investigation scene on November 06, 2022. Attorney O'Reilly addressed this issue in a filed motion titled, "Motion to Dismiss for Failure to Preserve Surveillance Video."
[See Table of Authorities: Page 7]

B. <u>STATEMENT OF CLAIM</u> (continued)

A.D.A. Gall purported some of the surveillance cameras were inoperable, during the scheduled January 30, 2025 court date for the motion to be argued but was vacated due to Theodore O'Reilly, former public defender, removing himself from my case.

Despite the claim of inoperable surveillance cameras, A.D.A. Gall has not turned over all collected surveillance video footage, five in total. Per the priorly stated cases, A.D.A. Gall was to turn over all exculpatory and non exculpatory evidence to the Defense, having no bearing on whether evidence was officially requested by the Defense, per the <u>United States v. Bagley (1985)</u> ruling. [See Table of Authorities: Page 7]

A.D.A. Gall continues to violate my protected rights to due process under the *<u>Fourteenth Amendment of the U.S. Constitution and the State of Wisconsin Constitution</u>*, purposely refusing to turn over exculpatory evidence which began at Discovery, beginning with A.D.A. Karine O'Byrne and has continued through A.D.A. Gall's entire tenure. [See Table of Authorities: Pages 5 and 9]

<u>[March 12, 2023]</u>

<u>Defendant</u>, <u>Jennifer Tate</u>, Assistant District Attorney, initially filed the criminal complaint against me based solely on police testimony as to what was allegedly witnessed on camera from the collected surveillance videos from the Andy's Gas Station at 8200 W. Brown Deer Road, Milwaukee, WI 53223. A.D.A. Tate made an extremely inflammatory remark stating, "The above named defendant did recklessly endanger the safety of MAG, under circumstances which show utter disregard for human life, ..."

<u>[November 06, 2022]</u>

I was the victim of an attack by a very inebriated black man, who later became known to me as Marcus Antonio Green, Junior. Mr. Green placed his left arm around my shoulder and began pretending to fake shoot me in the chest, and more and then stalked, harassed and followed me from the south end of the Andy's gas station to the north end. [See Defendant's Full Statement.]

B.   <u>STATEMENT OF CLAIM</u>  (continued)

Defendant, <u>Detective O'Neal Stamps III</u>, former police officer, filed a police report that states, at the very end; "Officer O'Neal Stamps III States He Viewed CCTV Footage Of Suspect Arrive To The Location, Firing A Firearm And Leaving In The Same Direction Which He Came From".

Defendant, <u>Anthony Milone</u>, former police officer, now sergeant, filed a police report that states, at the very end; "Officer Milone States Video Was Recovered Showing Shots Fired".

Defendant, <u>Detective Zachary Johnson</u>, filed a police report that states, at the very end; "Detective Zachary Johnson States He Viewed CCTV Video Footage From Cameras 4, 10, 11 and 18.

Defendant, <u>Philip Gagnon</u>, Forensic Investigator, filed a police report that states, at the very end; "Detective Philip Gagnon States He Recovered The CCTV Footage From Cameras 4, 18, 10 And 11".

<u>[February 20, 2023]</u>

I was the victim of an attempted armed robbery and was shot multiple times by multiple individuals, suffering gunshot wounds to my left elbow, left triceps, left thigh, left side of back and right ankle. I was taken to Froedtert Hospital via ambulance and quickly ushered into the hospital for emergency treatment.

Defendant, <u>Detective Omarlo Phillips</u>, began questioning me, as medical staff rolled me into the hospital. As I attempted to answer Detective Phillips's questions, everything was spiraling around me. I remember my eldest sister and her husband being there and Detective Phillips asking questions about the incident and my criminal history, dating back to the nineteen nineties, and my firearms that were confiscated the night I was shot multiple times, during the attempted armed robbery. Hospital staff halted Phillips's questioning and said they had to immediately admit and prep me for surgery. I was in serious pain and could barely focus on the questions asked, trying to recall specific dates.

B.    <u>STATEMENT OF CLAIM</u>  (continued)

[<u>March 07, 2023</u>; 4:24pm]

 <u>Defendant</u>, <u>Anthony Milone</u>, former police officer, now sergeant, left a voicemail message stating he wanted to meet with me and show me pictures of possible suspects who shot me multiple times on the night of February 20, 2023. I returned the call but was told officer Malone was not available.

[<u>March 07, 2023; Between 6:00-6:30p.m.</u>]

 I was recuperating, from my injuries, at a family member's home and I received a second phone call from Officer Milone. Upon speaking with Milone, I asked my family member if it was okay if Milone stopped by. I was given the green light.

 My family member opened the front door to let Officer Milone enter and two caucasian officers entered, one carrying an eight by eleven manila folder. I did not know which officer was Milone, as neither wore an official badge and both were dressed in black. The officer with the manila folder began to open the folder and as I was expecting to be shown an array of suspect photos, the officer retrieved a pair of handcuffs and stated I was under arrest. I questioned why I was being arrested and the arresting officer stated I would find out later. I was taken into custody without incident, despite being denied information as to the arrest and my Miranda Rights not being read. I was first transported to St. Mary's Hospital and then transported to the Milwaukee County Jail Facility.

 During my tenure, March 07, 2023 to June 12, 2023, I endured multiple instances of prisoner abuse at the hands of Milwaukee County Jail staff. Those incidences are currently being investigated by the U.S. Department of Justice, Office for Civil Rights, Complaint # (25-OCR-0737). Investigation began March 25, 2025 and the outcome is still pending.
[See provided digital copy of complaint officially submitted to the Office of Civil Rights and also submitted as evidence with this here civil action.]

 Between March 07, 2023 to June 12, 2023, a preliminary hearing was never held while I was in custody, due to no public defenders being available.

B.    <u>STATEMENT OF CLAIM</u>  (continued)

After being assigned public defender <u>Theodore O'Reilly</u>, on May 23, 2023, I was still denied a preliminary hearing. Bail was successfully posted, June 12, 2023. There was approximately a twenty day span, from O'Reilly being assigned, to the date the bail was posted, to schedule a preliminary hearing. Maybe there was a forethought that I might not be able to cover the $7,500 dollar amount.

<u>Defendant Barry Phillips</u>, Judicial Court Commissioner, was behind all the constant preliminary hearing cancellations, per the applied excuse, inmate did not have counsel. In comparison, when I had counsel, what was the reason for still not having a preliminary hearing within the twenty days, while in custody and not until two months and twelve days after my release on June 13, 2023?

[ARGUMENT] <u>Defendant Jennifer Tate</u>, Assistant District Attorney, with malicious intent, willfully violated my *Sixth Amendment* right to receive fair and impartial treatment from the State with her extremely inflammatory statement made in the March 12, 2023 criminal complaint, stating, "The above named defendant... did recklessly endanger the safety of MAG, under circumstances which show utter disregard for human life,...", fully aware the statement would cause bias toward me, as the defendant. It is no wonder Judge Hanrahan denied me a release on my own recognizance due to Judge Hanrahan not being aware of the particulars that occurred on 11-06-2022. [See Table of Authorities: Page 5]

Because State and investigating officers, to this day, refuse to turn over surveillance video(s) that <u>Defendants Anthony Milone and O'Neal Stamps III</u> both claimed, in their filed police reports, CCTV video footage was viewed and collected showing shots fired, ultimately defeats the State's probable cause, due to witnessing the "victim" MAG, Marcus Antonio Green, Jr., accosting and pursuing me, despite revealing my concealed and legally owned and possessed firearm, proving self-defense was necessary, and purposely violated the Brady rule in Brady v. Maryland, (1963) and U.S. v. Bagley, (1985), by hiding events. [See Table of Authorities: Page 7]

<u>Defendant</u>, <u>Detective Omarlo Phillips</u>, persistently questioning me, at the hospital, after being severely injured, during an armed robbery attempt of my cellular phone, suffering multiple gunshot wounds and unable to understand

## B.  STATEMENT OF CLAIM  (continued)

my rights due to being in severe pain and incapacitated, raises important questions about my *Fifth Amendment* right against self-incrimination and due to the questioning being persistent while being physically incapacitated and unable to understand my rights may be considered a violation of due process under the *Fourteenth Amendment of the U.S. Constitution*, despite no charges being filed.
[See Table of Authorities: Page 5]

*Wisconsin Statute 970.03*: (2)  The preliminary examination shall be commenced within 20 days after the initial appearance of the defendant if the defendant has been released from custody or within 10 days if the defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time.
[See Table of Authorities: Page 8]

Because no preliminary examination was commenced within the as stated mandated days; within 10 days if the defendant is in custody, within 20 days if out of custody, my *Fourteenth Amendment rights to due process under the U.S. Constitution and Wisconsin State Constitution* was grossly violated with disdain, by the County, via <u>Defendant Barry Phillips,</u> Judicial Court Commissioner.
**[I filed a complaint against Judge Barry Phillips with the Wisconsin Judicial Commission, on 12-20-2024, but the complaint went unanswered.]**

It did not matter at all, the reasons behind the preliminary hearings being canceled. Be it, I was assigned counsel or not or if on stipulation of the parties or on motion, nothing can negate the fact I had to be informed by <u>Attorney O'Reilly and Judge Michelle A. Havas,</u> initial presiding judge, my case never had a preliminary hearing and per her words, off record, stated it was a huge no, no, and Judge Havas then finally scheduled the hearing. 5 months, 2 weeks and 3 days had passed, upon my initial arrest on March 07, 2023, to have a hearing.

Former attorney <u>Theodore O'Reilly</u>, instead of an attempt to convince me to remain in custody, Mr. O'Reilly should have scheduled a preliminary hearing one day after being assigned to my case on May 23, 2023. Instead, Mr. O'Reilly scheduled a bail hearing which O'Reilly stated I could attend but was not escorted into the courtroom but to a holding cell and was later told my presence was not needed. O'Reilly ultimately lost the bail hearing on June 07, 2023 who then

B.    <u>STATEMENT OF CLAIM</u>  (continued)

requested a change in judges, from Judge Hanrahan to Judge Havas which I only found out about after a family member retrieved my saved funds and paid the bail amount with a cash payment in the amount of $7,500.

At the onset of <u>Attorney Theodore O'Reilly's</u> tenure over my case, O'Reilly did not provide effective assistance or counsel, as stated and afforded under the <u>Sixth Amendment of the U.S. Constitution</u>, which also affords me the right to a speedy trial, to the which, I did demand while in custody and have not had a speedy trial nor any trial at all, as my case has been delayed and rescheduled via motions to adjourn or motions for a continuance by the State and by both assigned public defenders, <u>Theodore O'Reilly</u> and <u>John Glover</u>.
[See Table of Authorities: Page 5]

Also, being forced to miss every scheduled court date, while in custody, particularly rescheduled preliminary hearings and bail hearing, were purposely negligent violations of my civil rights to due process under the <u>United States Constitution</u>, <u>Fourteenth Amendment, and the Wisconsin State Constitution</u>.
[See Table of Authorities: Pages 5 and 9]

<u>[March 14, 2024]</u>
<u>Defendant</u>, <u>Maritza Ugarte</u>, City of Milwaukee Fire and Police Commission Complaint Investigator, rejected my filed complaint against various Milwaukee Police Department officers, stating;

"The FPC guidelines state that a complaint should be filed within sixty (60) days for minor misconduct and six (6) months for serious misconduct. Your complaint involves allegations that, if true, would constitute misconduct that stemmed from an incident that occurred on November 6, 2022, a little over 2 years from the filing date of your complaint and past the time frame for the FPC to accept the complaint."

I stated, I was still being adversely affected, to this date, by the officers misconduct, in rebuttal, due to the filed police reports containing misinformation that prompted, at the time, Assistant District Attorney, Jennifer Tate, to claim I showed an utter disregard for human life and the investigating officers

B.    <u>STATEMENT OF CLAIM</u>  (continued)

and the State's continued refusal, even unto the preparation of this here civil action, in turning over all viewed, collected and inventoried surveillance videos from the Andy's gas station on the night of November 06, 2022, to the which, I was then, and still currently fighting the alleged filed criminal charges. Maritza Ugarte still upheld the decision to dismiss.

[ARGUMENT] Due to being jailed for approximately ninety-five days without a preliminary hearing, I did not have access to the resources, that I have now, to file the complaint. Also, waiting on Attorney Theodore O'Reilly, for an extended amount of months, to unsuccessfully retrieve all the collected videos from the investigating officers and state prosecutors, wasted a considerable amount of time.

In the case of <u>Castaneda v. Welch</u>, (2007); The Wisconsin Supreme Court ruled that the FPC is legally obligated to investigate serious citizen complaints against police and fire department employees, and it cannot use internal rules to create barriers that make it virtually impossible for complaints to proceed. In the landmark case <u>Castaneda v. Welch</u>, the Court emphasized that the FPC cannot dismiss complaints based on technicalities or simply refer them back to the department being investigated, which would be a conflict of interest. The Court affirmed the FPC must provide meaningful oversight and cannot avoid its duty to investigate allegations of misconduct. Source: *aclu-wi.org/cases/castaneda-v-welch-milwaukee-fpc-must-investigate-citizen-complaints/*

Maritza Ugarte directly violated <u>Procedural Due Process</u>, while under the color of state law, and in turn violated my *<u>Fourteenth Amendment rights to due process, under the United States and Wisconsin State Constitutions</u>*. [See Table of Authorities: Pages 5 and 9]

The Wisconsin Constitution provides procedural due process and equal protection safeguards that are identical to those in the Fourteenth Amendment of the U.S. Constitution. This means that the state constitution guarantees the right to due process of law in the same manner as the federal Fourteenth Amendment.

**page 29**

B.    <u>STATEMENT OF CLAIM</u>  (continued)

WI Constitution: Prosecutions; double jeopardy; self-incrimination; bail; habeas corpus. Section 8. *[As amended Nov. 1870, April 1981, and April 2023]* (1) No person may be held to answer for a criminal offense without due process of law, and no person for the same offense may be put twice in jeopardy of punishment, nor may be compelled in any criminal case to be a witness against himself or herself. Source: docs.legis.wisconsin.gov/constitution/wi/000230/000019

[Definitions]

<u>Compensatory Damages</u>:
Compensatory damages, also known as actual damages, are monetary awards granted by courts in civil lawsuits to compensate a plaintiff for losses suffered due to a defendant's wrongful actions or negligence.  The primary purpose of these damages is to make the injured party "whole" again by restoring them to the financial and physical position they were in before the incident occurred.

<u>Punitive Damages</u>:
Also known as exemplary damages, are monetary awards granted to a plaintiff in addition to compensatory damages to punish the defendant for egregious, malicious or grossly negligent conduct.

<u>Under Color of Law</u>:
Refers to actions taken by a government official or someone acting in an official capacity that appear to be authorized by law but actually violate a person's constitutional or federal rights.

**[FINAL ARGUMENT]**

        Based upon the state and federal statutes and case laws cited and the evidence submitted, corroborating the statements made by the Plaintiff, in this here civil action, for the various civil rights violations committed by the Actors / Defendants, <u>while under color of law</u>, for violations of my Fifth, Sixth and Fourteenth Amendment rights under the U.S. Constitution, guaranteed and afforded not only to the Plaintiff but universally afforded to all American citizens under the Constitution of the United States of America, this here civil action succeeds. [THIS ENDS THE PLAINTIFF'S STATEMENT OF CLAIM]

Plaintiff's Jurisdiction Statement - [F.R.C.P. 8(a)(1)]

I, Mr. Priest Delon Butler, Plaintiff in this here federally filed civil action, assert the following: Original jurisdiction belongs to the United States District Court for the Eastern District of Wisconsin in accordance with:

_Title 28 United States Code §1331_: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Source: _https://www.law.cornell.edu/uscode/text/28/1331_

_Title 28 United States Code §1343_: - (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
Source: _https://www.law.cornell.edu/uscode/text/28/1343_

_U.S. Constitution: Article III Judicial Branch Section 2 Justiciability_: Clause 1 Cases or Controversies: The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State,—between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects. _constitution.congress.gov/browse/article-3/section-2/_

[Footnote: I attended the competency hearing, on October 22, 2025, from 9:55am-11:17am. Everything went very smoothly, from my perspective. Dr. Seipel questioned why my former attorney, Theodore O'Reilly, retyped my Statement of Events that now lacked many important details, compared to my original Statement that contains many more facts and extremely important circumstantial details.]

page 31

Plaintiff's Statute of Limitations Statement:

I, Mr. Priest Delon Butler, Plaintiff, in this here federally filed civil action, assert the following: The Plaintiff is well within the stated regulated statute of limitations; maximum time to file, in accordance with:

_Title 15 United States Code §4504 - Statute of Limitation_: (a) In general (1) Except as provided in subsection (b), the commencement of a civil enforcement action shall be barred unless such action is commenced before the later of—(A) September 30, 1988; or (B) six years after the date of the violation upon which the action is based. Source: _https://www.law.cornell.edu/uscode/text/15/4504_
[See Table of Authorities: Page 6]

_Statute of Limitations for Filing a Civil Rights Suit in Federal Court under Title 42 U.S.C. §1983, in Wisconsin_: Wisconsin does not have a specific statute that sets the statute of limitations for filing a civil rights suit in federal court under 42 U.S.C. §1983. Instead, federal law governs the statute of limitations for such claims. The applicable statute of limitations for civil rights claims under §1983, in Wisconsin is <u>six years</u>, which is derived from federal law and applied by the courts. This six-year period begins when the claim accrues, typically on the date of the alleged violation. Source: _https://www.justanswer.com/criminal-law/r3vs3-statute-limitations-state-civil-case.html_
[See Table of Authorities: Page 8]

Plaintiff's statement to why the pleader is entitled to relief: [F.R.C.P. 8(a)(2)]

I, Mr. Priest Delon Butler, Plaintiff and Pleader, in this here federally filed civil action, am entitled to relief due to the federal violations committed against me, governed by the United States Government and regulated by the United States Constitution, egregiously committed by the various Actors / Defendants listed in this civil action, in the same manner in which a U.S. citizen commits an illegal infraction and is fined lightly or heavily depending on the severity of the infraction, to punish and to deter the citizen from repeating the infraction.

Plaintiff's Compensatory Damages Statement:

Because I can never get back the nearly three years of my life from the alleged criminal charges to which have been keeping me held hostage because Defendants, Judge Katie B. Kegel and Assistant District Attorney Grace M. Gall would rather choose to believe Attorney/Defendant, Mr. John C. Glover's lie and sudden claim of incompetence after I filed a motion to have Mr. Glover removed and attempt to have me committed, rather than lose the case against me at trial, as a last desperate attempt due to the failed attempts to force me to give in and enter a plea deal, rather than admit the State has no case against me and simply dismiss the charges, yet would rather continue to afflict me with malicious prosecution.

I, the Plaintiff, in this here civil action, Mr. Priest Delon Butler, should be awarded both Compensatory Damages as well as Punitive Damages, deservedly, as I continue desperately to fight for my life, liberty and rights during this legal ordeal that has sorely befallen me for defending myself, as the only true victim, against the alleged victim's attacks against me.

## RELIEF SOUGHT - [F.R.C.P. 8(a)(3)]

I, Mr. Priest Delon Butler, Plaintiff in this here civil action, am seeking, in judgment relief, **1.5 million dollars (1,500,000.00)** in **Compensatory Damages**, and **4 million dollars (4,000,000.00)**, in **Punitive Damages**, totaling **5.5 million (5,500,000.00)**, in damages, for civil violations of my rights that are federally governed, protected and universally afforded to all United States citizens under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, to certainly punish the Defendants/Actors and to deter and to readily correct such egregious behavior.

## JURY DEMAND - [F.R.C.P. 38]

I, Mr. Priest Delon Butler, Plaintiff in this civil action, respectfully before the court, exercise my right to have my civil action presented before a jury.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this <u>27th</u> day of <u>October</u>, <u>2025</u>.


Respectfully Submitted by, _____
                                          (Plaintiff)


PRIEST DELON BUTLER
9001 N. 75TH STREET
APARTMENT 618
MILWAUKEE, WI 53233
priestbutler@yahoo.com
(262) 282-1102