# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

**PRIEST DELON BUTLER,**

    **Plaintiff,**

    **v.**                                      **Case No. 25-CV-1653-SCD**

**CITY OF MILWAUKEE,**
**MILWAUKEE COUNTY,**
**MILWAUKEE FIRE AND POLICE COMMISSION,**
**MARITZA UGARTE,**
**KATIE B. KEGEL,**
**BARRY PHILLIPS,**
**JENNIFER TATE,**
**GRACE M. GALL,**
**THEODORE O'REILLY,**
**JOHN C. GLOVER,**
**OMARLO PHILLIPS,**
**PHILIP GAGNON,**
**ZACHARY JOHNSON,**
**O'NEAL STAMPS, III,** and
**ANTHONY MILONE,**

    **Defendants.**

---

## DECISION AND ORDER ON THE DEFENDANTS' MOTIONS TO DISMISS

---

Priest Delon Butler, representing himself, alleges that he was attacked outside of a Milwaukee gas station in November 2022. Butler alleges that he responded with a firearm in self-defense. The state charged Butler with first-degree recklessly endangering safety. The state criminal proceedings are ongoing. Butler brings § 1983 claims for civil rights violations against parties involved in his arrest and prosecution.

All of the defendants (save for one) have moved to dismiss the complaint on various grounds. Butler's claims against the county and state defendants fail because those parties are either immune from suit or not suable entities under § 1983. Claims against those defendants must be dismissed. As to the city defendants, a federal court cannot consider § 1983 claims involving an ongoing state criminal prosecution. Butler must complete his underlying criminal case before a federal court can consider those claims. I will deny the city defendants' motion to dismiss the claims against them and stay the remaining claims under *Younger.*

## BACKGROUND

Butler alleges that he was harassed and attacked by an individual outside of a gas station in November 2022 and brandished a weapon in self-defense. *See* ECF No. 1 at 9, 12, 15. The state brought a charge against Butler for first-degree recklessly endangering safety (use of a dangerous weapon modifier). That case is ongoing. *See* Compl. Exs., "Full CCAP Report" for 2023CF997, "Evidence in Favor of Plaintiff" at 2.0.

Butler alleges that the police have surveillance videos of this incident that "will prove [he] had a right to defend [himself] against multiple aggravated attacks by an inebriated individual which will greatly support [his] innocence." ECF No. 1 at 9. Butler alleges there are five videos but only four were turned over to the defense. *Id.* at 7, 12 ("[F]ive surveillance videos [were] collected and inventoried yet only four videos were turned over by the State which conflicted with filed police reports from varying Milwaukee Police Department officers."). Butler includes screenshots of how the exhibits were inventoried and sent to him, and copies of the four videos themselves. *See* Compl. Exs., "Evidence in Favor of Plaintiff" at 3.0. Butler alleges a group of police officers, detectives and investigators—O'Neal Stamps

2

III, Anthony Milone, Zachary Johnson, and Philip Gagnon—referenced the surveillance videos in police reports. *See* ECF No. 1 at 13.

About four months later, in February 2023, Butler was shot during an unrelated attempted armed robbery. *See id.* While receiving treatment at the hospital, detective Omarlo Phillips questioned Butler, which Butler claims violated his Fifth Amendment rights. *See id.* at 13, 15. In March 2023, Butler was recovering at a family member's home, and police officer Anthony Milone told Butler he would show Butler potential suspects for the armed robbery suspects. *Id.* at 14. Instead, officer Milone and another officer arrested Butler. *Id.* Butler alleges that he was not read his Miranda rights, was abused by jail staff, and did not receive a timely preliminary hearing. *See id.* Butler alleges court commissioner Barry Phillips is responsible for the preliminary hearing cancellations and delays, violating Butler's Fourteenth Amendment right to due process. *Id.* at 15–16. Butler posted bail on June 12, 2023. *See id.* at 14–15.

Public defender Theodore O'Reilly was assigned to Butler's case in May 2023. *Id.* at 15. Butler alleges that Mr. O'Reilly provided ineffective counsel in multiple ways. *See id.* at 6–9. In January 2025, Butler told Mr. O'Reilly before a hearing that he would seek to replace Mr. O'Reilly if they lost a motion to dismiss for failing to preserve the surveillance video. *Id.* Mr. O'Reilly withdrew representation before the motion was heard. *See id.* Judge Kegel didn't hear the motion because Butler was planning on seeking other counsel. *See id.* at 7.

Next, public defender John Glover was assigned to Butler's case in May 2025. *See id.* at 4–6. In September 2025, unbeknownst to Butler, Mr. Glover filed and retracted three motions; based on these motions, Butler moved *pro se* for Mr. Glover's withdrawal. *See id.* at 4–5. This led to Mr. Glover raising competency as an issue, which Butler believes was retaliatory. *See id.*

Butler also alleges Milwaukee assistant district attorney Grace Gall made false statements to the court about plea negotiations and failed to turn over exculpatory evidence. *See id.* at 10–11. Butler alleges that assistant district attorney Jennifer Tate filed the criminal complaint against him, which included an inflammatory statement that Butler asserts violated his Sixth Amendment right to a fair trial. *Id.* at 12, 15 ("The above[-]named defendant . . . did recklessly endanger the safety of MAG, under circumstances which show utter disregard for human life, . . ."").

Butler filed a complaint with the Milwaukee Fire and Police Commission, which was dismissed as untimely. Here, Butler names the Commission and the commission's investigator Maritza Ugarte as defendants. *Id.* at 17–18. Butler alleges that his complaint's dismissal violated Wisconsin case law that prevents fire and police commissions from using internal rules as barriers to investigations, resulting in a violation of Butler's right to procedural due process. *See id.*

For simplicity's sake, I will refer to Judge Kegel, Ms. Tate, Ms. Gall, and Mr. O'Reilly as the state defendants; Milwaukee County and Mr. Phillips as the county defendants; and the City of Milwaukee, the Commission, Commissioner Ugarte, and Omarlo Phillips, Philip Gagnon, Zachary Johnson, O'Neal Stamps III, and Anthony Milone as the city defendants. Butler alleges that Mr. Glover is also a public defender, but Mr. Glover hasn't appeared with the other represented state defendants. *See* ECF No. 50.

The state defendants moved to dismiss for failure to state a claim, various forms of immunity, and failure to comply with Wisconsin's notice of claim statute. *See* State's Br. 1, ECF No. 52. The county defendants moved to dismiss based on failure to state a claim for municipal liability and judicial immunity. *See* Cnty.'s Br. 1, ECF No. 40. The city defendants

4

moved to dismiss the claims against the city and the officers based on failure to state a claim or on abstention grounds. *See* City's Br. 4, 7, 11, 13, ECF No. 46. The city defendants moved to dismiss the claims against the Commission and commissioner Ugarte for failure to state a claim and because the Commission is not a suable entity under § 1983. *See* City's Br. 4, 7, 10–11, 13, ECF No. 46; City's Reply 1–2, 4–5, ECF No. 60. The city also submitted the surveillance video footage and included stills from the videos in its brief. *See* ECF No. 48; City's Br. 5.

Butler responded asserting that he stated claims under the Fifth, Sixth, and Fourteenth amendments. *See* ECF No. 58 at 1 (response to county defendants); ECF No. 62 at 1, 4 (response to state defendants); ECF No. 68 at 3 (response to city defendants). Butler filed additional responses to the defendants' replies, *see* ECF Nos. 66, 71, and statements about events in state court, *see* ECF Nos. 72, 73. Prior to the defendants' appearing, Butler filed a motion to appoint counsel, ECF No. 2, a motion for summary judgment, and a motion to vacate his previous motion to appoint counsel, ECF No. 6. Butler also moved to file electronically and requested assistance serving Mr. Glover. *See* ECF Nos. 11, 27, 34, 38, 56.

## DISCUSSION

Butler brings claims under 42 U.S.C. § 1983. This statute requires Butler to show that an action taken under color of law violated Butler's federal constitutional rights. Butler's complaint faces several challenges, which I will organize by each category of defendant.

5

## I. State Defendants

Butler brings claims against Judge Kegel, Ms. Gall, Ms. Tate, and Mr. O'Reilly. Claims against these defendants must be dismissed because they are either immune from suit or not capable of being sued under § 1983.

A § 1983 claim requires an action taken "under color of law." 42 U.S.C. § 1983. Public defenders do not act under color of law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. Here, Mr. O'Reilly's alleged actions were within a lawyer's traditional functions as counsel to a defendant. Butler alleges that Mr. O'Reilly was ineffective. Ineffective assistance of counsel can be raised to challenge a conviction on appeal. But ineffective assistance of counsel is not a potential claim under § 1983 because criminal defense attorneys do not act "under color of law." Mr. O'Reilly must be dismissed. Mr. Glover has not appeared or consented to magistrate-judge jurisdiction, but this principle would apply to him as well.

"It is well settled that judges are absolutely immune from damages for their judicial acts, and that prosecutors are absolutely immune when they act as advocate[s] for the State." *Wilson v. Stewart*, 621 F. Supp. 3d 900, 914 (N.D. Ill. 2022) (internal citations and quotations omitted). Butler alleges that Judge Kegel granted Mr. O'Reilly's motion to withdraw and chose not to hear the motion to dismiss after counsel withdrew. These actions are judicial acts by a judge and therefore absolutely immune from § 1983 liability. Butler alleges that Ms. Gall made false statements to the court about plea offers and failed to turn over exculpatory evidence (the surveillance video), and Ms. Tate filed a criminal complaint that included an inflammatory remark. Relaying the status of plea discussions to the court and filing criminal

6

complaints are core prosecutorial functions that are absolutely immune from section 1983 liability. Judge Kegel, Ms. Gall, and Ms. Tate must be dismissed under the doctrines of judicial and prosecutorial immunity.

Butler alleged that Ms. Gall failed to turn over exculpatory evidence—a *Brady* claim. This claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed" or declared invalid. *Heck*, 512 U.S. at 486–87. A claim for damages based on a conviction that has not yet been invalidated "is not cognizable under § 1983." *Id.* at 487. Here, not only has Butler's conviction not yet been overturned, but he has not even been convicted in state court. So, Butler's *Brady* claim is not cognizable under § 1983 and must be dismissed under *Heck*.

## II.     County Defendants

Butler was in the custody of Milwaukee County jail from his arrest on March 7, 2023, until he posted bail in June 2023. Butler alleges that jail staff abused him and includes his complaint to the Department of Justice's Office of Civil Rights as an exhibit to his federal complaint. At the pleading stage, Butler must allege that the county's policy, practice, or a decision by someone with final decision-making authority violated Butler's federal constitutional rights. *See McCauley v. City of Chi.*, 671 F.3d 611, 616–17 (7th Cir. 2011). Butler did not allege any policy, practice, or decision by someone with final decision-making

7

authority in either his federal complaint or his Office of Civil Rights complaint. Butler's allegations do not support an inference of such a policy, practice or decision.

Butler also alleges that he did not receive a preliminary hearing during this time, and that Mr. Phillips was responsible for that delay. As previously discussed, "[j]udicial immunity extends to acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (internal quotation and emphasis omitted); *Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity extends to entities performing judicial or quasi-judicial functions: "Officers and agencies that perform quasi-judicial functions are entitled to absolute immunity in order to protect their decision[-]making function from being impeded by fear of litigation or personal monetary liability." *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999). "Deciding when to issue a decision is part and parcel of a judge's docket management function over which he has broad and virtually unfettered discretion. A judge must weigh a multitude of factors in deciding when to decide a case." *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985). Judicial immunity applies to judicial actions that are untimely according to a statute. *See Wilson v. Stewart*, 621 F. Supp. 3d 900, 916 (N.D. Ill. 2022) (citing *Dawson*, 419 F.3d at 659). Here, Mr. Phillips's docket management decisions are judicial or quasi-judicial functions. Therefore, Mr. Phillips is entitled to absolute immunity and the claims against him must be dismissed.

## III. City Defendants

Lastly, Butler brings claims against the police officers, investigators, and detectives involved in his arrest and prosecution, the Fire and Police Commission, and the Commission's commissioner. The city defendants assert that Butler's complaint fails to state a plausible § 1983 claim against the officers, that the Commission is not a suable entity under § 1983, and

8

that Butler did not plead a *Monell* claim against the city. The city defendants argue in the alternative that the case should be dismissed under *Younger* or, at a minimum, stayed, because the underlying state proceeding is ongoing. Butler responds that abstention is not appropriate because the delays in his criminal proceedings are extraordinary circumstances.

Before reaching the merits of the city defendants' 12(b)(6) arguments, I must consider *Younger* abstention. Under the *Younger* abstention doctrine, federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Butler's allegations do not create a threat of immediate and irreparable loss because Butler can litigate these issues in his state case. Butler's state case is ongoing, and a decision in this court could interfere with that proceeding. Therefore, I must abstain from exercising jurisdiction over the remaining claims until Butler's state case is complete.

Butler seeks monetary damages. Butler's damages claims cannot be vindicated in state court. "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages. This is because the plaintiff cannot obtain money damages as part of the ongoing state court action." *J.B. v. Woodard*, 997 F.3d 714, 724–25 (7th Cir. 2021); *see Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Accordingly, I will stay Butler's case while his state case is ongoing.

In order for this court to consider Butler's claims, Butler must complete his underlying criminal case and then exhaust all of his appellate, or post-conviction, options in state court.

9

*See Simpson*, 73 F.3d at 138. The court will therefore administratively close Butler's case at this time. When Butler has fully litigated his pending state case, he may file a motion with this court asking to reopen the case. There is no additional fee for filing a motion to reopen. Butler must file a motion to reopen this case within ninety days of the conclusion of his state court proceedings; failure to do so may result in dismissal for failure to prosecute. Finally, the court cautions Butler that if his state-court case results in a conviction, he might not be able to proceed with all of his claims in this case; I would have to later dismiss this case without prejudice if a judgment in his favor would imply the invalidity of his state conviction. *See Heck*, 512 U.S. at 486–87.

## CONCLUSION

In sum, Butler cannot pursue federal relief for any of the claims asserted in his complaint at this time. Most of the individual defendants are immune from suit for Butler's damages claims. Butler's ongoing state criminal case means that his remaining claims against the city defendants must be stayed until the state case is complete.

Accordingly, the court **GRANTS** the motion to dismiss filed by the state defendants, ECF No. 51; and **GRANTS** the motion to dismiss filed by the county defendants, ECF No. 39. The court **DENIES** the motion to dismiss filed by the city defendants, ECF No. 45. It is ordered that this case is **STAYED** under *Younger*. The clerk of court shall **ADMINISTRATIVELY CLOSE** this case and Plaintiff must file a motion to reopen this case within ninety days of the conclusion of his state court proceedings; the failure to do so may result in dismissal of this case for the failure to prosecute.

The court **DENIES as moot** the plaintiff's motion to appoint counsel, ECF No. 2; the plaintiff's motion for summary judgment, ECF No. 6; the plaintiff's motion to file

10

electronically, ECF No. 11; the plaintiff's motions regarding service, ECF Nos. 27, 56; and the county defendants' motion for leave to file reply brief instanter, ECF No. 63.

Defendant John Glover has not appeared or filed a consent form. I will therefore issue a report and recommendation regarding claims against him.

**SO ORDERED** this 16th day of April, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

11