---

PRIEST DELON BUTLER,

       Plaintiff,

       v.                                 Case No. 25-CV-1653-SCD

CITY OF MILWAUKEE,
MILWAUKEE COUNTY,
MILWAUKEE FIRE AND POLICE COMMISSION,
MARITZA UGARTE,
KATIE B. KEGEL,
BARRY PHILLIPS,
JENNIFER TATE,
GRACE M. GALL,
THEODORE O'REILLY,
JOHN C. GLOVER,
OMARLO PHILLIPS,
PHILIP GAGNON,
ZACHARY JOHNSON,
O'NEAL STAMPS, III, and
ANTHONY MILONE,

       Defendants.

---

## REPORT & RECOMMENDATION AS TO DEFENDANT GLOVER

---

Priest Delon Butler, representing himself, alleges that he was attacked outside of a Milwaukee gas station in November 2022. Butler alleges that he responded with a firearm in self-defense. The state charged Butler with first-degree recklessly endangering safety with the use of a dangerous weapon modifier. The state criminal proceedings are ongoing. Butler brings § 1983 claims for civil rights violations against parties involved in his arrest and prosecution. By separate order issued on today's date, I dismissed or stayed almost all of the

claims. A single defendant, John C. Glover, has not been served, and so the court does not have consent to magistrate-judge jurisdiction with respect to that defendant. I therefore issue this report and recommendation.

Butler alleges that Glover, his former defense lawyer, violated Butler's Sixth Amendment right to counsel. Glover has not appeared or consented to magistrate-judge jurisdiction. Because criminal defense attorneys, acting in their representative capacities, are not suable entities under § 1983, I recommend that claims against Glover be dismissed.

I will briefly recount the facts relevant to Glover. The state brought a charge against Butler for first-degree recklessly endangering safety with a modifier for use of a dangerous weapon. That case is ongoing. *See* Compl. Exs., "Full CCAP Report" for 2023CF997, "Evidence in Favor of Plaintiff" at 2.0. Public defender John Glover was assigned to Butler's case in May 2025. *See id.* at 4–6. In September 2025, unbeknownst to Butler, Mr. Glover filed and retracted three motions; based on these motions, Butler moved *pro se* for Mr. Glover's withdrawal. *See id.* at 4–5. This led to Mr. Glover raising competency as an issue, which Butler believes was retaliatory. *See id.*

Butler brings a claim against Glover under 42 U.S.C. § 1983. This statute requires Butler to show that an action taken "under color of law" violated Butler's federal constitutional rights. 42 U.S.C. § 1983. Public defenders and criminal defense attorneys do not act under color of law, however. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. Here, Glover's actions were within a lawyer's traditional functions as counsel to a defendant. Butler alleges that Glover was ineffective. Ineffective assistance of counsel can be raised to challenge a

2

conviction on appeal, or in a federal habeas corpus proceeding. But ineffective assistance of counsel is not a potential claim under § 1983 because criminal defense attorneys do not act "under color of law." Glover should be dismissed from the lawsuit because Butler has not stated a § 1983 claim against Glover.

## REPORT AND RECOMMENDATION

Because Glover has not had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the clerk of court shall randomly assign this matter to a district judge to consider the following recommendations: (1) that Glover be dismissed from the case with prejudice for Butler's failure to state a claim on which relief may be granted against Glover; and (2) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 16th day of April, 2026.

STEPHEN C. DRIES
United States Magistrate Judge

3