PRIEST DELON BUTLER,

    Plaintiff,

            Case No. 25-cv-1653-pp

  v.

CITY OF MILWAUKEE,
MILWAUKEE FIRE AND POLICE COMMISSION,
MARITZA UGARTE, JOHN C. GLOVER,
POLICE OFFICER OMARLO PHILLIPS,
PHILIP GAGNON, ZACHARY JOHNSON,
O'NEAL STAMPS, III and ANTHONY MILONE,

    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 76)**

---

## I. Procedural History as to defendant John C. Glover

On October 27, 2025, the plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated his constitutional rights. Dkt. No. 1. The defendants are the state, county and city prosecutors, judges, police officers, judicial officers and public defenders involved in the plaintiff's Wisconsin criminal case, State of Wisconsin v. Butler, Case No. 2023CF997 (available at https://wcca.wicourts.gov). Id. at 4. The plaintiff and every defendant but John Glover have consented to Magistrate Judge Stephen C. Dries having the authority to decide the case. Defendant

1

Glover has not yet appeared and thus has not had the opportunity to consent (or decline to consent), apparently because the plaintiff has not yet served him.

The publicly available docket shows that John C. Glover is an attorney who represented the plaintiff in the state case from May 2, 2025 to November 3, 2025. Butler, Case No. 2023CF997. On December 1, 2025, the court received from the plaintiff a document titled "PROOF OF SERVICE: For Defendants Kegel, Gall, Tate, Glover and O'Reilly." Dkt. No. 28. In that document, the plaintiff explained that he'd been able to obtain only a post office box address for a John C. Glover, and that that address "may not be the correct P.O. Box for Defendant John. C. Glover despite serving a copy of the civil action and other required documents to P.O. Box 511004, Milwaukee, Wisconsin 53203-0171." Id. at 2. He explained that the State Public Defender had been unable to give him a physical address for defendant Gover, but that he had emailed "digital copies" of all filings to Glover at winningfight@aol.com. Id. He stated Glover had not signed and returned a signature card. Id. at 1.

On December 12, 2025, the court received from the plaintiff a motion asking the court to appoint the Milwaukee County Sheriff's Department to serve Glover "at No Further Financial Burden to the Plaintiff." Dkt. No. 34. The plaintiff appeared to be under the impression that Glover was deliberately attempting to avoid service (although the plaintiff argued that he'd served Glover via email, which is not a valid form of service under Fed. R. Civ. P. 4(m)). Id. at 2-3. Judge Dries did not respond to this request. Glover has not appeared.

On April 16, 2026, Judge Dries entered an order dismissing the state and county defendants and staying the case against the city defendants. Dkt. No. 75. At the end of the ruling, Judge Dries wrote:

> Accordingly, the court **GRANTS** the motion to dismiss filed by the state defendants, ECF No. 51; and **GRANTS** the motion to dismiss filed by the county defendants, ECF No. 39. The court **DENIES** the motion to dismiss filed by the city defendants, ECF No. 45. It is ordered that this case is **STAYED** under *Younger*. The clerk of court shall **ADMINISTRATIVELY CLOSE** this case and Plaintiff must file a motion to reopen this case within ninety days of the conclusion of his state court proceedings; the failure to do so may result in dismissal of this case for the failure to prosecute.
>
> The court **DENIES as moot** the plaintiff's motion to appoint counsel, ECF No. 2; the plaintiff's motion for summary judgment, ECF No. 6; the plaintiff's motion to file electronically, ECF No. 11; the plaintiff's motions regarding service, ECF Nos. 27, 56; and the county defendants' motion for leave to file reply brief instanter, ECF No. 63.
>
> Defendant John Glover has not appeared or filed a consent form. I will therefore issue a report and recommendation regarding claims against him.

Id. at 10-11.

The same day—April 16, 2026—Judge Dries submitted a report recommending that this Article III court dismiss defendant Glover from the case because Judge Dries did not have the authority to dismiss him given that Glover had not consented to Judge Dries's authority to decide the case. Dkt. No. 76.

The very next day—on April 17, 2026—the court received from the plaintiff a notice of appeal from Judge Dries's order dismissing the state and county defendants and staying the case as to the city defendants. Dkt. No. 77. He also paid the appellate filing fee. Id. Ten days later, on April 27, the court

received from the plaintiff objections to Judge Dries's recommendation that this Article III court dismiss defendant Glover. Dkt. No. 83. The court's docket now shows the federal case as administratively closed. The publicly available docket shows that the plaintiff's state-court case is still pending; he has a jury trial scheduled for August 3, 2026 at 10:00 a.m.

The court will overrule the plaintiff's objections, adopt Judge Dries's recommendation and dismiss defendant Glover.

## II. The Plaintiff's Allegations

The plaintiff alleges that in the fall of 2022, an individual attacked and harassed him outside of a gas station. Dkt. No. 1 at 9, 12, 15. In response, the plaintiff alleges he brandished a weapon in self-defense. Id. In the spring of 2023, the State of Wisconsin charged the plaintiff with first-degree recklessly endangering safety with a use of a dangerous weapon modifier in Butler, Case No. 2023CF997.

The plaintiff claims that Glover, his second public defender in the state criminal case, violated his Sixth and Fourteenth Amendment rights. Dkt. No. 1 at 4–6, 19–20, 29–30. The plaintiff alleges that Glover filed and retracted three motions, causing the plaintiff to move to terminate Glover as his lawyer. Id. at 4–5. The plaintiff alleges that in retaliation, Glover called the plaintiff's "competency into question before Judge Katie B. Kegel who granted Glover's request for a competency test[.]" Id. at 4–5. The plaintiff argues that Glover raising this competency issue violated the plaintiff's Sixth Amendment right to a fair trial and impartial jury. Id. at 5. He contends that it also violated his

4

Sixth Amendment right to effective assistance of counsel and right to self-

representation. Id. He argues that

> Glover's sudden claim of incompetence is being used to circumvent my right as his client to challenge counsel and force himself onto my case and to continue on as my attorney, despite his intentional ineffective assistance which also constituted a violation of my civil right to due process, under the *Fourteenth Amendment* by creating a temporary stalemate and the possibility of never having a trial.

Id.

The plaintiff alleges that Glover violated the Wisconsin Rules of

Professional Conduct and the American Bar Association's Model Rules of

Professional Conduct. Id. at 6. He asserts that Glover intentionally failed to

communicate with him and lied to the judge about the plaintiff's competence.

Id. at 5–6. The plaintiff contends that Glover used "scare tactics" to try to force

the plaintiff to take a plea deal. Id. at 6.

### III.   Judge Dries' Recommendation

A.      Report and Recommendation (Dkt. No. 76)

Judge Dries explained in his order why he was recommending that this

Article III court should dismiss the plaintiff's claim against Glover:

> [The plaintiff] brings a claim against Glover under 42 U.S.C. § 1983. This statute requires [the plaintiff] to show that an action taken "under color of law" violated [his] federal constitutional rights. 42 U.S.C. § 1983. Public defenders and criminal defense attorneys do not act under color of law, however. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. Here, Glover's actions were within a lawyer's traditional functions as counsel to a defendant. [The plaintiff] alleges that Glover was ineffective. Ineffective assistance of counsel can be raised to challenge a conviction on appeal, or in a federal habeas corpus proceeding. But ineffective assistance of counsel is not a potential

5

claim under § 1983 because criminal defense attorneys do not act "under color of law." Glover should be dismissed from the lawsuit because [the plaintiff] has not stated a § 1983 claim against Glover.

Dkt. No. 76 at 2–3. Judge Dries explained that

> Because Glover has not had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the clerk of court shall randomly assign this matter to a district judge to consider the following recommendations: (1) that Glover be dismissed from the case with prejudice for [the plaintiff's] failure to state a claim on which relief may be granted against Glover; and (2) that judgment be entered accordingly.

Id. at 3.

### B. Plaintiff's Objections (Dkt. No. 83)

The plaintiff says that he "vehemently" objects to Glover's dismissal. Dkt. No. 83 at 1. He disagrees with Judge Dries's conclusion that he failed to state a claim against Glover. Id. He says that he "stated in his filed civil action with the District Court" that Glover violated his Sixth Amendment right to effective assistance of counsel "by intentionally using scare tactics against [him], to make [him] fear going to trial and accepting a plea deal and also waiting four and a half months, after being assigned to [his] case, to begin work on [his] case and filing a motion for a Continuance less than one month before the October 13, 2025 trial date." Id. at 1-2. He asserts that he stated a Fourteenth Amendment claim against Glover by alleging that Glover had intentionally raised "a false claim of incompetence against [the plaintiff] in retaliation," "two days after [the plaintiff] filed a motion to have Mr. Glover removed for ineffective assistance and for not thoroughly preparing for [the plaintiff's] case." Id. at 2.

6

He says that Glover "was well aware of how long the State's case had been ongoing for crimes the State has alleged against [the plaintiff]." Id.

Regarding Judge Dries's observation that Glover has not filed a magistrate judge consent form, the plaintiff explains that he tried several times to serve Glover via U.S. mail. Id. at 2. He states:

> I made several attempts to serve Mr. John Glover my civil action via the U.S. Postal Service, certified mail with signature required services to his P.O. Box, I found online, to which my civil action was delivered but the signature card was never returned, via electronic email, with read receipt service to which the email, with several attachments, was opened and lastly via the United States Public Defenders Milwaukee Trial Office, also using the U.S. Postal Service certified mail, required signature services to which some of my mailings were signed for and some marked "Return to Sender". I also filed a motion with the District Court to have Mr. Glover officially served by the Court.

Id.

The plaintiff says that Glover also was "personally made aware of" the federal lawsuit on November 3, 2025, "during the scheduled Return on Doctor's Report before the Honorable Mark A. Sanders." Id. The plaintiff says that Judge Sanders (a Milwaukee County Circuit Court judge) "continually refuted Dr. Matthew Seipel's report finding [the plaintiff] more than competent to stand trial." Id. The plaintiff says that Judge Sanders made a statement which appeared to the plaintiff to reflect that Judge Sanders was "going to allow John Glover to remain" as the plaintiff's appointed public defender. Id. at 2-3. The plaintiff says that he "politely raised [his] left index finger to indicate [he] wanted to interject." Id. at 3. The plaintiff says that after the judge allowed him to speak, the plaintiff "informed Judge Sanders [he] filed a civil suit in the U.S.

7

District Court for the Eastern District of Wisconsin and listed John Glover as a defendant." Id. The plaintiff says that Glover responded that he didn't know whether that was true or not, after which the plaintiff "retrieved a full copy of [his]" complaint and put it on the table, angling it so that Glover could see. Id. He says that

> [t]he very top page was a copy of Form AO 398, Notice of a Lawsuit and Consent to Waive Service of a Summons, with Mr. Glover's name printed on the form. [The plaintiff] did not attempt to hand over the document to John Glover due to being aware that in doing so was not an acceptable form of service, according to Federal Rule of Civil Procedure 4.

Id. at 3.

> The plaintiff concludes with this paragraph:

> Again, Mr. Glover should not be dismissed as a defendant in my filed civil and appellate actions, whatsoever. Mr. Glover was well aware of my civil action and simply decided to not pay it any mind, in stark contrast to all other remaining defendants obtaining legal counsel for representation.

Id.

### C. Legal Standard

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify—in whole or in part—the findings or recommendations the magistrate judge made in the report. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. Because the plaintiff objects to the entire report and recommendation, the court reviews it *de novo*.

8

D. <u>Analysis</u>

1. *Threshold Issues*

The court has observed that its docket shows the plaintiff's federal case as administratively closed. But an administrative closure is not the same thing as a dismissal of the entire case. An administrative closure temporarily removes a case from the court's docket—somewhat like granting an indefinite continuance or an adjournment. Judge Dries made clear that he was closing the case only until the plaintiff's state criminal case is complete (including any appeals he might file). That means that there remains a federal case in which this court may issue an order, and that order will not have been mooted by the administrative closure.

The court also has recounted that the plaintiff has filed an appeal from Judge Dries's order dismissing the state and county defendants. Generally, "the filing of a notice of appeal deprives the district court of jurisdiction over the case . . . ." <u>Felder v. Parke</u>, 17 F. App'x 410, 413-14 (7th Cir. 2001) (citing <u>Boyko v. Anderson</u>, 185 F.3d 672, 674 (7th Cir. 1999)). But the court believes it has jurisdiction to consider whether to adopt Judge Dries's recommendation for a couple of reasons. First, it is likely that the plaintiff's appeal was premature—as the court has pointed out, Judge Dries did not dismiss the plaintiff's entire case. He dismissed only some of the defendants, staying the case as to the other defendants until the plaintiff's state criminal case is complete. Second, the plaintiff appealed only from Judge Dries's order dismissing the state and county defendants. He did *not* appeal from Judge

9

Dries's recommendation to this court that it dismiss Glover. He was right not to do so; he followed the correct procedure by filing an objection with this Article III court, rather than filing a (premature) appeal from Judge Dries's recommendation. The court concludes that it has jurisdiction to determine whether to adopt Judge Dries's recommendation.

The court has observed that the plaintiff asked this court to order the Milwaukee County Sheriff's Department to "officially" serve Glover, dkt. no. 56, and that Judge Dries did not address that request. The court suspects that is because the plaintiff did not caption this document as a motion. He titled it "Plaintiff's Plea to Federal Court to Appoint the Milwaukee County Sheriff's Dept. to Officially Serve Remaining Defendant John C. Glover at No Further Financial Burden to the Plaintiff." Id. at 1. If a party wants a federal court to do something, that party should file a *motion.* But even if the plaintiff had filed a motion, Judge Dries would have denied it. The plaintiff is not indigent. When he filed this lawsuit back in October 2025, he paid the full filing fee with his complaint. Dkt. No. 1. When he filed his notice of appeal on April 17, 2026, he paid the full, $605 appellate filing fee. Dkt. No. 77. Federal law (28 U.S.C. §1915(d)) allows federal courts to serve process only when the court has determined that the plaintiff is indigent. This court has not determined that the plaintiff is indigent. Although Fed. R. Civ. P. 4(c)(3) allows a court to appoint someone to serve process, the court is not required to do so, and in this case, because the plaintiff has not stated a claim against Glover (as the court will explain below), authorization of service would be futile.

10

The plaintiff is under the impression that he has put Glover on notice of this lawsuit because he emailed the complaint to an address he believes is Glover's and because he showed Glover a copy of the complaint when they were in court together last November. Neither of these are acceptable methods of service. Fed. R. Civ. P. 4 governs proper service of federal complaints. Rule 4(e) governs service on an individual like Glover:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Wis. Stat. §801.11(1) states that for service on an individual, a plaintiff may personally serve the defendant or, if "with reasonable diligence" personal service isn't possible, may leave the summons and complaint at the defendant's "usual place of abode" with a competent person or by publication in accordance with the statute. Neither the federal rules nor Wisconsin law allow for service by email.

11

Nor does telling someone that you've sued them and showing them a complaint constitute proper service under Rule 4. The service requirement "is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint." United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008)). If the plaintiff wants to sue someone—and wants this federal court to exercise personal jurisdiction over that person—he must serve the person using one of the methods described in Rule 4. The plaintiff has not done so.

At the end of the day, these issues are irrelevant because, as Judge Dries explained, the plaintiff has not stated a claim against Glover.

> 2.    *Discussion*

Although the report does not explicitly state it, Judge Dries was screening the plaintiff's complaint under the Federal Rule of Civil Procedure 12(b)(6) standard. See Dkt. No. 83 at 3 (recommending "that Glover be dismissed from the case with prejudice for [the plaintiff's] failure to state a claim on which relief may be granted against Glover"). "[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); Rezny v. Wis. Dep't of Fin. Insts., Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022) (stating that courts are free to screen a complaint for a self-represented plaintiff who has paid the full filing fee under 28 U.S.C. §1915(e)(2)). Section 1915(e)(2) of Title 28 states that "the court shall dismiss the case at any time if the court determines that" the claim

12

alleged in the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The court must accept as true the *factual* allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The way that a private citizen can raise a claim that someone violated his constitutional rights is through 42 U.S.C. §1983. That statute allows a citizen to sue any person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State . . ." violates that citizen's constitutional rights.

13

The statute does *not* provide a federal cause of action for a non-state actor who violates someone's constitutional rights—if the person who checks you out at the grocery store, or the person who services your car, violates your constitutional rights, you would not be able to "state a claim" against them in federal court. As Judge Dries explained, to state a claim under §1983, the plaintiff must allege that (1) the defendant violated the plaintiff's constitutional rights *and* (2) the defendant was acting "under color of state law" when he did so. West v. Atkins, 487 U.S. 43, 48 (1988). "Under color of state law" means that the defendant was acting with authority granted to him by a state. DiDonato v. Panatera, 24 F.4th 1156, 1159 (7th Cir. 2022).

The plaintiff *has* alleged that Glover violated his Sixth and Fourteenth Amendment rights. But Judge Dries correctly concluded that the plaitniff has *not* made that allegation against a state actor. As a public defender, Glover was not a state actor. "[A] court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983." McDonald v. White, 465 F. App'x 544, 548 (7th Cir. 2012) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")). For that reason, the plaintiff cannot state a §1983 claim against Glover, which means that he cannot state a claim in federal court that Glover violated his constitutional rights. The court will adopt Judge Dries's recommendation and dismiss Glover.

Although courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). It would be futile to allow the plaintiff to file an amended complaint regarding his claim that Glover was liable for violating the plaintiff's constitutional rights because he cannot prove that Glover was a state actor.

## IV. Conclusion

The court **OVERRULES** the plaintiff's objections, dkt. no. 83, and **ADOPTS** Judge Dries's report and recommendation, dkt. no. 76.

The court **ORDERS that** defendant Glover is **DISMISSED** because the complaint fails to state a claim against him.

Because defendant Glover was the only party who had not consented to magistrate judge jurisdiction, the court **DIRECTS** the clerk's office to **RETURN** this case to Judge Dries for all further proceedings.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

15