# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PRIEST DELON BUTLER,**

**Plaintiff,**

**v.** **Case No. 25-CV-1653-SCD**

**CITY OF MILWAUKEE,**
**MILWAUKEE COUNTY,**
**MILWAUKEE FIRE AND POLICE COMMISSION,**
**MARITZA UGARTE,**
**KATIE B. KEGEL,**
**BARRY PHILLIPS,**
**JENNIFER TATE,**
**GRACE M. GALL,**
**THEODORE O'REILLY,**
**JOHN C. GLOVER,**
**OMARLO PHILLIPS,**
**PHILIP GAGNON,**
**ZACHARY JOHNSON,**
**O'NEAL STAMPS, III,** and
**ANTHONY MILONE,**

**Defendants.**

---

## ORDER

---

From 2023 until 2026, Priest Delon Butler faced criminal charges in Wisconsin state court for his role in the non-fatal shooting of M.A.G. *See* Compl., at 1, 6, 10–12, 15, ECF No. 1[1]; *see also* Pl.'s Mot. to Reopen, ECF No. 103. According to Butler, M.A.G. placed his arm around Butler's shoulder and pretended to shoot him while the two were outside a Milwaukee gas station in November 2022. *See* Compl., at 12. M.A.G. then followed Butler across the parking lot, and Butler discharged his legally owned firearm in self-defense. *Id.* at

[1] Citations are to the page numbers provided by the court's electronic filing system, not those ascribed by Butler.

12, 15. A few months later, Butler himself was the victim of an attempted armed robbery. *Id.* at 13. While Butler was in the hospital suffering from multiple gunshot wounds, Milwaukee police detective Omarlo Phillips questioned him about his criminal history and his guns. A few weeks later, Milwaukee police officer Anthony Milone told Butler that he wanted to show him photographs of the potential robbery suspects. *Id.* at 14. Butler agreed, but when the police arrived at his family member's house, they arrested him for the M.A.G. shooting and took him to jail.

In March 2023, the State of Wisconsin charged Butler with recklessly endangering the safety of M.A.G, under circumstances that showed utter disregard for human life. *See* Compl., at 12. The criminal complaint was authored by assistant district attorney Jennifer Tate. Butler qualified for representation by the state public defenders office, but he wasn't given a lawyer until May 2023. *See id.* at 2, 7, 14–16. Still, he had to wait another two-plus months for his preliminary hearing, and in the meantime, his public defender, Theodore O'Reilly, never requested a reduction in bail or a speedy trial. O'Reilly did move to dismiss the charge for failure to preserve surveillance video evidence. *Id.* at 6. However, when Butler threatened to fire O'Reilly if he lost the motion, O'Reilly moved to withdraw from the case, and Judge Katie Kegel refused to hear the motion until the counsel issue was resolved. *Id.* at 6–7.

John Glover was eventually appointed as successor counsel. *See* Compl., at 2. A few months after the appointment, Glover filed and retracted several motions without first consulting his client. *Id.* at 4. When Butler found out, he asked for a new lawyer. *Id.* at 4–5. Glover responded by questioning his client's competency, and Judge Kegel ordered a competency exam.

While the competency issue was being litigated in state court, Butler filed a federal complaint under 42 U.S.C. § 1983 against various actors involved in the state proceedings. The defendants can be separated into three buckets: those affiliated with the city (the City of Milwaukee; the Milwaukee Fire and Police Commission; FPC Investigator Maritza Ugarte; and Milwaukee police officers Omarlo Phillips, Philip Gagnon, Zachary Johnson, O'Neal Stamps III, and Anthony Milone), the county (Milwaukee County and Milwaukee County Court Commissioner Barry Phillips), and the state (Milwaukee County Circuit Court Judge Katie Kegel; assistant district attorneys Jennifer Tate and Grace Gall; and public defender Theodore O'Reilly). Also named as a defendant is John Glover, a former state public defender.

The matter was randomly assigned to me, and all parties except for one—more on him later—consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5, 22, 31, 33, 67 & 101. The consenting defendants all moved to dismiss the complaint, which Butler filed without the assistance of counsel, on various grounds. *See* ECF Nos. 39, 45 & 51.[2] On April 16, 2026, I granted the state defendants' motion because Butler failed to allege that O'Reilly (one of the public defenders) acted under color of state law, because Judge Kegel was absolutely immune from damages for her judicial acts, because Tate was immune from damages for her prosecutorial acts, and because Butler's claims against

[2] The Wisconsin Department of Justice represents the four state defendants: Judge Kegel, ADA Tate, ADA Gall, and Attorney O'Reilly. The DOJ initially filed a notice of appearance and consent form on behalf of Judge Kegel only. *See* ECF Nos. 30 & 31. When the DOJ updated its appearance to include Tate and Gall, *see* ECF No. 32, it also filed an updated consent form, *see* ECF No. 33. However, the DOJ didn't file an updated consent form when it updated its appearance again to include O'Reilly. *See* ECF No. 50. The DOJ corrected this oversight by filing a consent form on behalf of O'Reilly on August 21, 2026. *See* ECF No. 101. There's no dispute that O'Reilly agreed to proceed before a magistrate judge when he and the other three state defendants filed their motion to dismiss back in December 2025, if not explicitly then implicitly "by submitting arguments to a magistrate judge without protest." *Marion HealthCare, LLC v. S. Ill. Hosp. Servs.*, 41 F.4th 787, 790 (7th Cir. 2022).

Butler insists that O'Reilly's consent is untimely because it was filed more than twenty-one days after he was served with the form. *See* ECF No. 102. But the twenty-one-day time limit is simply a court-imposed deadline to encourage prompt return of consent forms. Forms filed after that deadline may still be accepted and are otherwise valid.

Gall (another prosecutor) were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Decision & Order, at 6–7, ECF No. 75. I also granted the county defendants' motion, as Butler failed to allege a basis for municipal liability regarding Milwaukee County, and Court Commissioner Phillips was entitled to judicial immunity. *See id.* at 7–8. Finally, I denied the city defendants' motion to dismiss but agreed to stay those claims under *Younger v. Harris*, 401 U.S. 37 (1971), pending the outcome of Butler's state proceedings. *See id.* at 8–10. I ordered the clerk of court to close the case administratively and instructed Butler to file a motion to reopen within ninety days of the conclusion of his state-court proceedings. *See id.* at 10.

Glover never returned the consent form and has not appeared in this case. (Apparently he retired from the public defender's office, and his whereabouts are unknown.) Nevertheless, because Butler failed to allege that Glover acted under color of law, on April 16, 2026, I recommended that he be dismissed as a defendant. *See* R&R, ECF No. 76. That report and recommendation was referred to United States District Judge Pamela Pepper for review.

Then things went a bit sideways. The day after I issued my decision and my recommendation, Butler filed a notice of appeal. *See* ECF No. 77. He subsequently objected to the R&R, *see* ECF No. 83, but he never submitted an objection to the order on the other defendants' motions to dismiss. On July 10, 2026, Judge Pepper overruled Butler's objections, adopted my recommendation, and ordered that Glover be dismissed as a defendant. *See* Order, ECF No. 85. A few days later, the Court of Appeals for the Seventh Circuit issued an order explaining that my order regarding the consenting defendants was really an R&R because, at the time, Glover had not consented to magistrate-judge jurisdiction, and the consent of "all parties"—including unserved defendants—is required before a magistrate judge enters a dispositive order. *See* Ct. App. Order, ECF No. 89 (citing *Marion HealthCare*, 41 F.4th at 789).

The Seventh Circuit indicated that "[a]ny objections to the decision to dismiss or abstain with respect to the parties other than Glover must go to the district court before any appeal may be filed." *Id.* at 2 (citing *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995)).[3]

Butler responded to the Seventh Circuit's order by seeking to reassign this action to a district judge. He argues that review by a district judge is required because not all parties have consented to magistrate-judge jurisdiction. *See* Pl.'s Mot., at 3. On that same basis, he objects to my decision dismissing the state and county defendants. *See* Objection, ECF No. 94.

A further complication: the flurry of activity and Butler's objections regarding magistrate-judge jurisdiction apparently caused the court to review the status of the consents on file. This review suggested that one other defendant, O'Reilly, had *not* filed a consent form, despite having appeared with other defendants who *did* consent. This oversight was rectified by the filing of O'Reilly's magistrate-judge consent form on August 21. ECF No. 101. Butler objects that it was not filed in a timely fashion, but courts in this district routinely allow later-filed consents, particularly when the filings do not reflect any effort to game the system (for example, filing a consent form after a district judge has entered a ruling against the party). Because it is clear that O'Reilly's failure to consent earlier was merely an oversight, I have no trouble allowing it.

Now that there is consent by all remaining parties, and claims against Glover (the non-consenting party) have been dismissed by an Article III judge, we do have unanimous consent

[3] Butler speculates that Glover did return the consent form, albeit not in a timely fashion. *See* Pl.'s Mot., ECF No. 90. He's mistaken. The docket notation that appears between ECF No. 85 and ECF No. 86—"Consent to Magistrate Judge Jurisdiction"—simply flagged for the court that, as of that date (July 10, 2026), all parties had consented. That's because Judge Pepper dismissed the one holdout (Glover) earlier that day. Glover still has never appeared in this action or returned a consent form.

of the parties. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 465–73 (7th Cir. 2017). Glover is no longer a party to this case, and the remaining parties—including Butler himself—have consented to having this case resolved by a magistrate judge. Butler also has not shown any extraordinary circumstances justifying the revocation of his consent. *See* 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *Hatcher v. Consol. City of Indianapolis*, 323 F.3d 513, 516 (7th Cir. 2003).

A last bit of business to clean up: recall that the court of appeals held that my previous order granting the state and county defendants' motions to dismiss, ECF No. 75, was merely a recommendation, because Glover had not consented. Now that we have the full consent of all parties, I will make that recommendation into a formal order dismissing those defendants. Accordingly, for the reasons reflected in ECF No. 75, and in light of the full consent of the parties, the motions to dismiss filed by the state and county defendants (ECF Nos. 39 and 51) are **GRANTED.**

The court **DENIES** the plaintiff's motion for civil action reassignment to U.S. District Court Judge, ECF No. 90. Butler's objection, ECF No. 94, is no longer viable, and the state and county defendants (including Glover) remain dismissed. Butler recently filed a statement indicating that his state charges have been dismissed with prejudice. *See* ECF No. 95. On that basis, he has also moved to reopen this action. *See* ECF No. 103. Because it appears we are now ready to proceed with the claims against the city defendants, the court **GRANTS** the plaintiff's motion to reopen civil action, ECF No. 103. The clerk of court shall reopen this matter and remove the stay. Court staff will schedule a status conference with the plaintiff and the city defendants to address how to proceed.

**SO ORDERED** this 25th day of August, 2026.

STEPHEN C. DRIES
United States Magistrate Judge